IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GREGORY WASHINGTON,

       Defendant.

Criminal No. 11-0042-0011
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION AND ORDER OF COURT RE: DEFENDANT WASHINGTON'S MOTION TO SUPPRESS STATEMENTS (Doc. No. 571)

Presently before the Court is Defendant Gregory Washington's Motion to Suppress Statements. Doc. No. 571. This Court held a Suppression Hearing on the Motion on September 11, 2012.[1] There was only one witness, Deputy Richard Ian Barrett of the Allegheny County Sherriff's Office, who was questioned on direct examination by the Government and cross-examined by Defense Counsel. In light of this Court's Findings of Fact and Conclusions of law, as set forth below, Defendant's Motion to Suppress Statements will be denied.

### I. Findings of Fact

1. On March 2, 2012, Defendant Washington was arrested based upon an Indictment issued by a Federal grand jury related to the F.B.I.'s investigation of the Manchester O.G.'s.

2. Defendant Washington was taken to the F.B.I. building on Pittsburgh's Southside.

---

[1] Although the Government (in its Omnibus Response, Doc. No. 901) addressed statements Defendant allegedly made while he was in a holding cell, Defense Counsel indicated that he was only contesting statements Defendant made during custodial interrogation.

3. He was placed within a meeting room that held a desk and three chairs. Defendant sat in the chair closest to the door.

4. Defendant was questioned by Deputy Richard Ian Barrett who is employed by the Allegheny County Sherriff's Department and is a member of the F.B.I.'s Greater Pittsburgh Safe Streets Taskforce and F.B.I. Special Agent Mike O'Mahoney from approximately 4:50pm to 6:45pm. The Officers sat facing Defendant in two chair across the desk. The questioning was not recorded. The tone of the encounter was "calm."

5. At the beginning of the interview, Deputy Barrett presented Defendant with the standard F.B.I. Advice of Rights form. The Deputy read the form to Defendant and presented the form to Defendant for his signature. The form is dated 3/2/2011 5:00pm.

6. Defendant refused to sign the F.B.I. form and indicated that he didn't want to sign anything. Deputy Barrett verbally asked Defendant if he wanted to continue questioning. Defendant responded in the affirmative.

7. Questioning continued for another hour until approximately 5:55pm. Officers played audiotapes of telephone conversations which had been obtained through wiretaps. Defendant said that he was not the person whose voice was recorded on the tapes. Detectives informed Defendant that he did not have to speak to that point because they had proof that it was him. After a short while the Detectives outlined to Defendant why they believed that it was him on the audiotapes.

8. Deputy Barrett again asked Defendant to sign the F.B.I. Advice of Rights form outlining his *Miranda* rights. Defendant again refused and indicated that he did

not want to sign anything "for fear it would come back later on him." However, he responded that he would like to continue questioning.

9. Special Agent O'Mahoney hand wrote on the F.B.I. Advice of Rights form that "Mr. Washington said he understands his rights, and will answer questions but does not want to sign anything." Defendant was not asked to initial this statement. It was signed by both Officers at 5:53pm.

10. Defendant never invoked his right to remain silent or asked for an attorney. Defendant would not have been refused use of the restroom and would have been provided food or drink had he asked. Questioning was concluded around 6:45pm.

## II. Conclusions of Law

1. The Fifth Amendment to the United States Constitution provides: "No person shall be . . . compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . . ." U.S. Const. Amend. V.

2. A law enforcement officer must advise a subject of the right to remain silent and the right to counsel prior to custodial interrogation. *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2259 (2010). Therefore, a statement volunteered by a subject and a non-custodial statement in response to interrogation are admissible even in the absence of *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 478 (1956).

3. Custodial interrogation is questioning initiated by law enforcement officers after a suspect has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* at 444.

4. Before a defendant's self-incriminating statements may be admitted into evidence, a heavy burden rests on the Government to demonstrate that a defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. U.S. Const. Amend. V.

5. A law enforcement officer may proceed to interrogate a subject in custody after advising the subject of his *Miranda* rights without waiting for the subject to formally or expressly waive those rights. *Berghuis*, 130 S.Ct. at 2262-64

6. Determination of whether accused has actually invoked right to counsel is an objective inquiry. *Connecticut v. Barret*, 479 U.S. 523, 529 (1987).

7. Questioning is not required to cease if a suspects makes an ambiguous or equivocal reference that a reasonable officer in the circumstances could perceive as a potential request for an attorney. Rather, a suspect must unambiguously request counsel. He/she must articulate desire to have counsel present sufficiently clearly that reasonable officer in circumstances would understand statement to be request for attorney. *Edwards v. Arizona*, 451 U.S. 477, 485 (1981).

8. If a subject wants to invoke his right to counsel or to remain silent, he must do so unambiguously. *Berghuis*, 130 S.Ct. at 2262.

### III. Conclusion

The Court finds that Defendant was advised of his right to remain silent and his right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. at 478, both verbally and in the form of the F.B.I.'s Advice of Rights form which was presented to him. While Defendant refused to sign the form, he verbally indicated that he wished to continue questioning on two occasions. Defendant's refusal to sign the F.B.I. Advice of Rights

form was not an invocation of his rights.  Defendant did not invoke his right to remain silent or his right to counsel in any manner at any point during the questioning.  Accordingly, Defendant's March 2, 2011 custodial interrogation, during which Defendant was advised of his *Miranda* rights was proper.  Defendant's statements during the questioning were not obtained in violation of the Constitution and therefore, may be admitted against him at trial.  Therefore, Defendant's Motion to Suppress Statements (Doc. No. 571) will be denied.

IV. **Order of Court**

AND NOW, this 13th day of September 2012, IT IS HEREBY ORDERED that Defendant's Motion to Suppress Statements (Doc. No. 571) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties