IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                      Criminal No. 11-00042-11

       v.                                             ELECTRONICALLY FILED

GREGORY WASHINGTON,

        Defendant.

### MEMORANDUM ORDER DENYING DEFENDANT GREGORY WASHINGTON'S *PRO SE* MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2) (Doc. 1797)

Pending is Defendant Gregory Washington's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 1797). By way of his Motion, Defendant seeks a reduction of his sentence to 210 months pursuant to Amendment 782 to the United States Sentencing Guidelines ("Amendment 782"). As will be explained in detail below, this is not Defendant's first request for relief pursuant to 18 U.S.C § 3582(c)(2) based on Amendment 782.[1]

**I.    Background**

On November 28, 2012, a jury convicted Defendant of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (Doc. 1070). On March 12, 2013, Defendant was sentenced to 262 months' imprisonment, followed by a five-year term of supervised release. (Doc. 1176, Doc. 1177). Defendant appealed the March 12, 2013 Judgment. (Doc. 1195).

---

[1] Amendment 782 to the United States Sentencing Guidelines lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c).

1

On March 27, 2015, the United States Court of Appeals for the Third Circuit affirmed this Court's March 12, 2013 Judgment.  (Doc. 1360).

On May 5, 2015, Defendant filed, *pro se*, a "Motion for Relief Under 18 U.S.C. § 3582(c) – Amendment 782" ("First *Pro Se* Section 3582(c)(2) Motion").  (Doc. 1377). Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, amended U.S.S.G. § 2D1.1, to decrease the base offense level in drug cases by 2 levels.  At the time Defendant was sentenced in 2013, because his offense level was 35 and his criminal history was III, post-Amendment 782, his advisory sentencing Guideline range was 210 to 262 months.

On May 12, 2015, the Court of Appeals for the Third Circuit issued its certified judgment, and Opinion, affirming this Court's March 12, 2013 Judgment. (Doc. 1379, Doc. 1379-1, Doc. 1379-2).

On May 20, 2015, Defendant filed *pro se* a supplement to his First *Pro Se* Section 3582(c)(2) Motion.  (Doc. 1382).

On May 26, 2105, this Court appointed an attorney for Defendant relative to his First Section 3582(c)(2) Motion. (Doc. 1385).

On June 15, 2015, Defendant's appointed counsel filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" ("Defendant's Counseled Section 3582(c)(2) Motion"), based on Amendment 782, on behalf of Defendant.  (Doc. 1392).

On June 17, 2015, the Court denied Defendant's First *Pro Se* Section 3582(c)(2) Motion by Memorandum Order, as moot:

> Because Mr. Washington presently has a very experienced and accomplished criminal trial attorney, and because his *pro se* Motion (doc. no. 1377), in both substance and legal argument, is duplicative of the Motion filed by his counsel and is incorporated by reference into the Motion filed by his counsel (doc. no. 1392), and because the Government is required to filed a Response to the Motion filed by his counsel by June 29, 2015, the *pro se* Motion may be deemed MOOT.

2

(Doc. 1394 at 1). Defendant did not appeal the Court's denial of his First *Pro Se* Section 3582(c)(2) Motion.[2]

On June 30, 2015, by Order, the Court denied Defendant's Counseled Section 3582(c)(2) Motion. (Doc. 1401).

Thereafter, on July 2, 2015, the Court issued a Memorandum Order, explaining in details the reasons for its denial of Defendant's Counseled Section 3582(c)(2) Motion. (Doc. 1403). In this Memorandum Order, the Court reasoned that although Defendant was "technically eligible" for the reduction pursuant to Amendment 782, "[a]fter careful review of this Court's prior sentencing hearing colloquy, and after giving due additional consideration to the Section 3553(a) factors which this Court considered during the original phase of the trial, this Court declines to reduce this Defendant's sentence any lower than 262 months." (*Id.* at 2).

Specifically, the Court explained in detail why it declined to reduce Defendant's sentence any lower than 262 months post-Amendment 782:

> During the sentencing phase of this matter this Court began by noting the history of the offenses for which the jury had found Defendant guilty:
>
> > Defendant's charge is the result of an investigation by the ATF and FBI into the "Manchester O.G.'s," a violent street gang based in Pittsburgh's Northside. The investigation included monitoring cell phone communications between members of this conspiracy. The intercepted communications and other surveillance techniques revealed that this defendant served as a source of supply for other heroin dealers. For approximately two years, this defendant distributed 40 bricks of heroin or more to one associate each week. Defendant would often obtain his heroin in unbagged form and would have his associates bag, brick, and transport the heroin. The drugs would be distributed to other drug dealers who would divide the bricks into smaller amounts to be sold to their customers. The amount of heroin that this defendant was personally involved with and the

---

[2] "A § 3582(c)(2) motion is considered a continuation of the criminal proceedings and, accordingly, the fourteen-day period for filing a notice of appeal applies. *U.S. v. Moquete*, 813 F. App'x. 51, 52 (3d Cir. 2020).

frequency of his drug deals is staggering. It was reasonably foreseeable to defendant that the overall conspiracy involved at least 1 kilogram.

This is a very large amount of a dangerous drug. Drug dealing causes generational addiction, fear, crime, violence, and death. Young men and women ignore educational and employment opportunities and instead choose to deal drugs because of the temptation of quick and easy money. Instead, they are exposed to jail time, gun violence, and the stigma of being a convicted felon. Defendant's conduct contributed to a neighborhood which was overrun with drugs and crime. His actions are a very serious crime which mandates serious punishment.

The Court further commented on Defendant's history in terms of his criminal past noting as follows:

Defendant is 36 years old. . . . His criminal history consists of two counts of criminal homicide and reckless endangerment, criminal mischief, and other charges related to a traffic stop. In 1993, when Defendant was 17 years old, he was involved in a drug deal gone wrong. As a result, 2 young men were shot and killed. Defendant pled guilty to two counts of third-degree murder. He was sentenced to 10 to 20 years imprisonment. He was paroled in 2007. He was on parole at the time of the instant federal offense. . . .

As a result of his criminal history, defendant has a criminal history category of "III." The court finds it very troubling that Defendant would return to a life of drug dealing, especially because he and his accomplices killed 2 people when a drug deal went wrong.

The Court commented on his family, educational and work histories as well. The Court found that Defendant had little regard for his family members and even less regard for his community. The Court also noted that Defendant had even attempted to suborn perjury from others in an attempt to protect himself, and showed no remorse for any of his criminal actions. To these points, the Court stated as follows:

A mandatory minimum of 10 years imprisonment applies. Extremely serious criminal behavior, such as Defendant's, warrants significant periods of imprisonment. Defendant played a key role in the overall criminal conspiracy. . . . Defendant has yet to take responsibility for his actions and he attempted to pervert the course of justice by persuading co-defendants to submit affidavits to the court swearing that they did not conspire to distribute heroin. This is contradicted by subsequent guilty pleas and may have prohibited those co-defendants from considering cooperating with the government.

Defendant put those he managed, his family members, and his community at risk, risks he knew all too well. Also, unlike other defendants in this case, this defendant has already served a very significant term of

> incarceration. Despite this, it is apparent that defendant quickly returned to the same drug dealing lifestyle. A significant sentence is necessary for this offense to protect the public from further crimes by this defendant.
>
> Reconsidering these factors now, this Court remains resolute that the number of months of imprisonment which this Court originally proscribed – 262 months – is the proper number of months this Defendant must serve, despite the newly amended sentencing guideline range.1
>
> [footnote 1: The Court notes that the sentence of 262 months imprisonment is within the new guideline range, albeit at the high end of the range.].

(*Id.* at 3-5).

> Ultimately, the Court concluded:
>
> This Court chose to sentence Defendant to 262 months in a federal prison because of the crimes for which a jury found him guilty, because of the factors that led up to the commission of those crimes for which a jury found him guilty, for his lack of remorse and attempt(s) to conceal his crimes by suborning perjury from others, and the danger he posed to the community at large. Nothing in Defendant's Motion persuades this Court that it was incorrect in its prior assessment of these factors.
>
> Accordingly, the Court, after performing a thorough review of this matter as detailed above and as required by statutory law (18 U.S.C. § 3582(c)(2)), and after noting that a court has discretion to modify a sentence when the guidelines are re-written, declines to do so in this case as to this Defendant. Therefore, the Court will deny Defendant's Motion to Modify Sentence.

(*Id.* at 5).

Defendant did not appeal the Court's denial of Defendant's counseled Motion to Reduce Sentence.[3]

On July 20, 2015, Defendant filed, *pro se,* a Motion for Reconsideration of the counseled Motion to Reduce Sentence in accordance with 18 U.S.C. § 3582(c)(2) based on Amendment 782. (Doc. 1407).

---

[3] *Id.*

On August 5, 2015, the Court denied Defendant's *pro se* Motion for Reconsideration. (Doc. 1409). Defendant did not appeal the Court's denial of Defendant's *pro se* motion for reconsideration.[4]

On May 4, 2016, Defendant filed, *pro se*, a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 1416). On July 22, 2016, by Memorandum Opinion and Order, the Court denied Defendant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255, and denied a certificate of appealability. (Doc. 1454, Doc. 1455). On August 29, 2016, Defendant filed, *pro se*, a Notice of Appeal of the Court's Order denying Defendant's Section 2255 Motion and denying a certificate of appealability. (Doc. 1464).

On December 21, 2016, Defendant filed, *pro se*, a second Motion for Reconsideration of Defendant's Counseled Section 3582(c)(2) Motion. (Doc. 1469).

On December 22, 2016, by Text Order, the Court denied Defendant's second Motion for Reconsideration "since the matter is now on appeal before the United States Court of Appeal for the Third Circuit, and the review of the motion demonstrates that it is without merit. See prior memorandum, doc. no. 1455 Memorandum Opinion." (Doc. 1470). Defendant did not appeal the Court's denial of Defendant's second *pro se* motion for reconsideration.[5]

On January 4, 2017, the Court of Appeals for the Third Circuit denied Defendant's application for a certificate of appealability as to Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 1471).

On January 22, 2021, Defendant filed, *pro se*, a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 1714). On March 4, 2021, this Court appointed an

---

[4] *Id.*

[5] *Id.*

attorney for Defendant relative to his Section 3582(c)(1)(A) Motion. (Doc. 1724). On October 1, 2021, defense counsel filed a counseled Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking either a sentence reduction to time served, or alternatively, home detention. (Doc. 1781).

On December 6, 2021, by Memorandum Order, this Court denied Defendant's *pro se* and counseled Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 1790). Pertinent to Defendant's pending Motion, in so denying the Court stated:

> Finally, having reviewed the applicable Section 3553(a) factors to determine if a reduction in sentence pursuant to Section 3582(c)(1)(A) is appropriate in this case, the Court finds that granting Defendant's request for a sentence reduction pursuant to Section 3582(c)(1)(A) to time served, or alternatively, home detention, is not appropriate at this time due to: (1) the nature and circumstances of Defendant's offense; (2) Defendant's criminal history; (3) the need to protect the public from further crimes of Defendant; and (4) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).
>
> With respect to the nature and circumstances of Defendant's offense, and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," not only did Defendant conspire to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, he also was a manager/supervisor in the conspiracy, and obstructed justice with respect to the offense. (Doc. 1135). Under such facts, reducing Defendant's sentence to a term of imprisonment of less than 262 months would be inappropriate.
>
> With respect to Defendant's criminal history, and the need to protect the public from further crimes of Defendant: (1) Defendant's criminal history includes being convicted in state court of two counts of criminal homicide; and (2) Defendant committed the federal offense for which he currently is incarcerated while on state parole for the sentence imposed for Defendant's homicide convictions. (Id.). Given the violence underlying Defendant's prior convictions, and his willingness to commit crimes while on parole, the Court is unconvinced that Defendant will not commit further crimes if released as requested in his Compassionate Release Motions, and finds that the public continues to need to be protected from this defendant.

(Doc. 1790 at 8-9).

Defendant did not appeal the Court's denial of Defendant's *pro se* and counseled Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[6]

On July 19, 2022, Defendant filed, *pro se,* the pending "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" ("Second *Pro Se* Section 3582(c)(2) Motion") (Doc. 1797). In his Second *Pro Se* Section 3582(c)(2) Motion, Defendant asserts that if the Court does not reduce Defendant's sentence to 210 months post-Amendment 782, there will be a sentencing disparity between Defendant, sentenced pre-Amendment 782, and other similarly situated defendants, sentenced post-Amendment 782:

> By sentencing a defendant convicted today of 1-3 kilograms [of heroin] and being enhanced under manager/supervisor and obstruction of justice to only 210 months, but denying Petitioner's request for a mere reduction of only 52 months, the Court will significantly contribute to the sentencing disparity that was the main reasons the Sentencing Reform Act and Sentencing Commission were created in the first place.

(*Id*. at 4).

On July 21, 2022, the Court entered a Text Order that stated:

> Defendant has filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2). In his Motion, Defendant states that he wishes to invoke his constitutional right to self-representation during these proceedings. (Doc. 1797 at 2). Pursuant to the Administrative Orders at Misc. No. 14-424, the Court is willing to appoint an attorney to review and undertake representation of the defendant with respect to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2). Accordingly, no later than August 4, 2022, Defendant shall file a Notice with the Court, stating whether he wants to proceed *pro se*, or have the Court appoint an attorney to review and undertake representation, with respect to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2).

(Doc. 1798).

On July 27, 2022, Defendant filed a Notice of Appeal regarding "the denial of his Motion for Reduction of Sentence Pursuant to 18 USC 3582(c)(2)." (Doc. 1800).

---

[6] *Id.*

On August 4, 2022, in response to the Court's July 21, 2022 Text Order, Defendant filed a "Notice of Intent." (Doc. 1801). In his Notice, Defendant reaffirmed his intent to proceed *pro se* with respect to his pending Motion. (*Id.*).

On August 25, 2022, the Government filed its response in opposition to Defendant's Second *Pro Se* Section 3582(c)(2) Motion ("Government's Response"). (Doc. 1806). In its opposition brief, the Government asserts that: (1) under the law of the case, Defendant's Second *Pro Se* Section 3582(c)(2) Motion must be denied; (2) as a motion for reconsideration, Defendant's Second *Pro Se* Section 3582(c)(2) Motion must be denied; and (3) on its merits, Second *Pro Se* Section 3582(c)(2) Motion must be denied. (*Id.*).

On September 13, 2022, the Court of Appeals for the Third Circuit issued a certified Order in lieu of a formal mandate. (Doc. 1809). The Court of Appeals dismissed Defendant's appeal "for failure to timely prosecute insofar as appellant failed to pay the requisite fee as directed." (*Id.*).

On September 16, 2022, Defendant filed his Reply to the Government's Response to Defendant's pending Motion. (Doc. 1812).

In his Reply, Defendant first asserts that Defendant's Second *Pro Se* Section 3582(c)(2) Motion is not a Motion for Reconsideration, because it would be untimely filed under ither Federal Rule of Civil Procedure 59(e) or 60(b), and since it is a new Section 3582(c)(2) motion "with completely new arguments appointed counsel filed to raise previously," it should not be treated as a motion for reconsideration. (Doc. 1812 at 1-2).

Second, Defendant contends that the law-of-the-case doctrine is not applicable because: (1) Defendant is raising a new issue, not one previously denied; (2) if it is the same issue, then "the earlier decision was erroneous because the motion was not properly litigated nor decided

9

correctly"; and (3) because Defendant is raising "issues that SHOULD have been raised previously by counsel, but were not, the law of the case doctrine does not bar the Court from considering the merit of Petitioner's Motion." (*Id.* at 2-3).

Third, Defendant argues that his Motion should be granted on its merits because:

> It is clear from reading the sentencing transcript [from Defendant's sentencing hearing] that the Court felt that the 3553(a) factors supported a sentence 'at the bottom of the applicable guideline range'. The Court recognized that a sentence 'at the bottom of the applicable range' would 'avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct'. Indeed, considering that a vast majority of 3582(c)(2) motions pursuant to Amendment 782 were granted, denying Petitioner's WILL result of UNWARRANTED sentencing disparity.

(*Id.* at 4). (*See also id.* at 6) (concluding, "[f]or the Court to backpeddle (sic.) and now deny Petitioner's motion claiming that he NOW deserves a sentence at the top of the guideline range when it made explicitly clear previously that a sentence at the 'bottom of the applicable range' satisfied the 3553 factors would be a manifest injustice.").

Fourth, Defendant asserts that "it was widely recognized that a sentence at the bottom, middle, or high end of an applicable guideline range that is subsequently lowered deserves a reduction to correspond with the new bottom, middle, or high end of the guidelines range," and that consistent with *United States v. Dillon*, 560 U.S. 817 (2010), this Court must substitute 210 months for 262 months. (*Id.* at 5-6).

Accordingly, Defendant's pending Second *Pro Se* Section 3582(c)(2) Motion is fully briefed, and ripe for adjudication.

## II. Discussion

*A. Defendant's Second Pro Se Section 3582(c)(2) Motion is a Motion for Reconsideration*

As summarized above, between 2015 and 2016, Defendant filed, or had filed on his behalf: (1) a *pro se* § 3582(c)(2) motion (Defendant's First *Pro Se* Section 3582(c)(2) Motion);

(2) a counseled § 3582(c)(2) motion which incorporated Defendant's First *Pro Se* Section 3582(c)(2) Motion; and (3) two *pro se* motions for reconsideration, all based on Amendment 782. All of these motions were denied, and Defendant did not file any appeals.

Given that Defendant is again asserting that his sentence should be reduced because of the applicability of Amendment 782, the Court finds that Defendant's pending motion, filed July 29, 2022, is a (third) motion for reconsideration of this Court's July 2, 2015 denial of Defendant's Counseled Section 3582(c)(2) Motion.

1. *Defendant's Motion is denied as untimely*

Defendant's Second *Pro Se* Section 3582(c)(2) Motion, properly construed as a motion for reconsideration, shall be denied as not timely filed. See *U.S. v. Moquete*, 813 F. App'x. 51, 52 (3d Cir. 2020) (affirming denial of June 2018 motion to reconsider district court's December 2016 denial of a defendant's 18 U.S.C. § 3582(c)(2) motion based on Amendment 782, in part, because it was untimely) (citing Fed. R. Civ. P. 59(e)).

2. *Defendant's Motion shall be denied on the merits*

As explained in its Memorandum Order denying Defendant's first motion for reconsideration: "A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice'." (Doc. 1409 at 1-2) (quoting *U.S. v. Korey*, Crim. No. 08-39, 2009 WL 1940381, at *1 (W.D. Pa. June 30, 2009) (citations omitted).

Even if timely filed, Defendant's motion, properly construed as a motion for reconsideration, shall be denied on its merits because Defendant has not: (1) presented any facts that were unavailable to Defendant previously; (2) shown a change in controlling law; (3) established that the Court made a clear error of law or fact in its denial of Defendant's Counseled Section 3582(c)(2) Motion; or (4) established that manifest injustice will result if Defendant's Second *Pro Se* Section 3582(c)(2) Motion is denied.

More specifically, first, Defendant could have raised his pre-Amendment 782/ post-Amendment 782 sentencing disparity argument as part of his counseled Section 3582(c)(2) motion, but did not do so.[7]

Second, it is pure speculation on Defendant's part that today, post-Amendment 782, a similarly situated defendant would be sentenced to 210 months' imprisonment.

Third, that other courts have granted defendants' section 3582(c)(2) motions premised upon Amendment 782 does not mandate that the Court grant Defendant's Second Pro Se Section 3582(c)(2) Motion.  See *U.S. v. Forbes*, 842 F. App'x 764, 765 (3d Cir. Apr. 8, 2021) (noting, "[t]he District Court permissibly declined to exercise its discretion to reduce Forbes's sentence, where "[i]n arriving at that conclusion, the District Court considered numerous relevant factors," and "[t]he mere fact that these considerations resulted in a sentence of the same length as that which was originally imposed does not mean that the District Court failed to reconsider the § 3553(a) factors," and concluding, "[w]e, therefore, find no error in the District Court's discretionary determination that a sentence reduction was not warranted.") (footnote omitted).

---

[7] Again, Defendant's Counseled Section 3582(c)(2) Motion incorporated by reference Defendant's First *Pro Se* Section 3582(c)(2) Motion.  (Doc. 1392 at 2).

Fourth, the decision of the United States Supreme Court in *United States v. Dillon*, 560 U.S. 817 (2010) did not instruct this Court "to substitute 210 months for 262 months." (Doc. 1812 at 6). In *Dillon, supra.*, the Supreme Court simply set forth the two-part analysis that a district court must undergo when considering a Section 3582(a).[8] *Dillon*, 560 U.S. at 826.

Fifth, although this Court's noted during Defendant's original sentencing hearing (when the applicable advisory Guidelines sentencing range was 262 to 327 months), that Defendant's sentence of 262 months was at the low end of that range, this Court (consistent with *Dillon, supra.*), has already considered whether any applicable § 3553(a) factors warrant a reduction under the particular facts of Defendant's case. Doc. 1403. In doing so, this Court held that given the specific facts of Defendant's offense, his conduct post-indictment, and his criminal history, Defendant's 262-month sentence remained appropriate. Id. As stated when the Court denied Defendant's Counseled Section 3582(c)(2) motion: "this Court chose to sentence Defendant to 262 months because this Court deemed that number of months to be appropriate for the crimes which this Defendant was found guilty by a jury." (Doc. 1403 at 3).

Sixth, Defendant has not established that the Court's July 2, 2015 Memorandum Order denying Defendant Counseled Section 3582(c)(2) Motion, wherein it concluded that Defendant was not entitled to a sentence reduction below 262 months of imprisonment (said sentence being within the new applicable advisory Guidelines range of 210 to 262 months), was in error or resulted in a manifest injustice that must be remedied.

---

[8] First, the court must determine whether a defendant is eligible for a reduction. *Dillon*, 560 U.S. at 826–27, If this query is answered affirmatively, then the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

**III.     Conclusion**

For the above-stated reasons, Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2)," (Doc. 1797), wherein he requests a sentence reduction to 210 months, is DENIED.  No certificate of appealability shall issue.

SO ORDERED this 10th day of November, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record

Gregory Washington
#32795-068
FCI McDowell
P.O. Box 1009
Welch, WV 24801